**NIAGARA OF WISCONSIN PAPER CORPORATION, Plaintiff,**

v.

**The PAPER INDUSTRY UNION–MANAGEMENT PENSION FUND: Wayne E. Glenn, Joe J. Bradshaw, James Dassaro, John E. Price, Irving Rolnick, Robert Sherry, Arnold Nemiro, and M.L. Talmadge, Trustees of the Paper Industry Union Management Pension Fund, Defendants.**

Civ. No. 4–83–454.

United States District Court, D. Minnesota, Fourth Division.

Aug. 8, 1984.

---

9. The court acknowledges that the defendants requested oral argument in connection with their motion to dismiss. However, the parties have extensively briefed the issues involved. The court also has engaged in its own research. In light of the vast material available in connection with the pertinent issues, oral argument would not have been particularly helpful.

See also 603 F.Supp. 1423.

Stuart Williams, Henson & Efron, Minneapolis, Minn., for plaintiff.

Michael J. Dell, Kramer, Levin, Nessenn, Kamin & Frankel, New York City, Byron E. Starns, Leondard, Street & Deinard, Minneapolis, Minn., for defendants.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Niagara of Wisconsin Paper Corporation (Niagara), brought this action for damages and injunctive relief against defendants, the Paper Industry Union-Management Pension Fund and its Trustees (collectively "the Fund"), alleging that the Fund arbitrarily and capriciously cancelled past service credits of Niagara's employees, refused to participate in arbitration demanded by Niagara to which Niagara has a statutory right, and caused Niagara to pay monies in excess of its properly calculated withdrawal liability. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1337, 29 U.S.C. §§ 186(e), 1132, and 1451(c).

### I.

This matter originally came before the court on Niagara's motion for a preliminary injunction barring the Fund from collecting Niagara's outstanding withdrawal liability. That motion was denied by order of this court dated August 11, 1983. The Fund subsequently moved for summary judgment. By order dated December 23, 1983, the court granted the Fund's motion on Counts I and III which sought to compel arbitration of its statutory withdrawal liability to the Fund. With respect to Counts II and IV, which are based on both the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act (LMRA),

29 U.S.C. § 141 *et seq.,* the court granted the Fund's motion for summary judgment insofar as those counts are based on ERISA. The court held that it did not have subject matter jurisdiction over the ERISA claims and that Niagara did not have an implied cause of action under ERISA. The court held it could have jurisdiction over LMRA claims and denied the motion to dismiss the portions of Counts II and IV based on the LMRA. This matter is now before the court on the cross motions by Niagara and the Fund for summary judgment on the remaining LMRA counts.[1]

## II.

In passing upon a motion for summary judgment, the court is required to view the facts in the light most favorable to the party opposing the motion and to give that party the benefit of all reasonable inferences to be drawn from the underlying facts disclosed in pleadings and affidavits. *Ralph's Distributing Co. v. AMF, Inc.,* 667 F.2d 670 (8th Cir.1981); *Vette Co. v. Aetna Casualty & Surety Company,* 612 F.2d 1076 (8th Cir.1980). Thus, the moving party must establish its right to judgment as a matter of law; there must be no genuine issue of fact and no room for doubt or controversy.

The court has carefully reviewed the voluminous materials submitted by the parties and considered all of their arguments, both written and oral. Based on facts neither side disputes, the court finds that summary judgment in the Fund's favor is appropriate on the remaining LMRA counts.

■ Summary judgment on the LMRA counts is warranted because no violation of that act has been made out. The LMRA was passed primarily to prevent bribery, extortion or union misuse of funds. *See United Mine Workers v. Robinson,* 455 U.S. 562, 102 S.Ct. 1226, 71 L.Ed.2d 419 (1982). The standard under the LMRA is that the trustees' actions shall not be arbitrary and capricious. *Tomlin v. Board of Trustees of the Construction Laborers*

*Pension Trust,* 586 F.2d 148 (9th Cir.1978). In this case, the actions of the trustees were not arbitrary and capricious. On the contrary, the trustees acted reasonably and on the basis of sound actuarial advice to correct the actuarial imbalance in the Fund caused by Niagara's withdrawal. The record shows that the Fund's trustees acted on sound grounds in balancing the Fund and only took those steps necessary to reach a state of balance. In this way, the facts are different than those in *Central Tool Co. v. International Association of Machinists National Pension Fund,* 523 F.Supp. 812 (D.D.C.1981). In fact the Fund's trustees acted in the manner suggested as appropriate by the court in *Central Tool.* Moreover, Niagara's past actions and agreements with the Fund indicate that Niagara understood and expected such actions to balance the Fund.

■ Through use of the LMRA, Niagara now attempts to bring in all of the ERISA claims and arguments over which the court held it had no jurisdiction. None of the cases cited by Niagara support such an expansion of the LMRA, and it is not supported by the statutory history or language of the LMRA.

Niagara's withdrawal from the Fund caused an imbalance in the Fund which its trustees balanced by cancelling past service credits. This action was reasonable and actuarially sound; to prevent such action would be to force other employers and their employees to carry the burden of this imbalance, an unfair and inequitable result.

Because of these conclusions it is unnecessary to discuss the other issues raised by the parties. The court notes, however, that there are additional meritorious grounds for entering summary judgment in the Fund's favor on the remaining LMRA counts.

Accordingly, based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Plaintiff's motion for summary judgment is denied.

---

**1.** Further review of the facts can be found in     this court's December 22, 1983 order.

2. Defendants' motion for summary judgment is granted, and the complaint is dismissed.